IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRECIOUS ALEXANDER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:21-CV-1069-O |
| | § | (NO. 4:19-CR-039-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Precious Alexander, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

**I.     BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 13, 2019, Movant was named in a one-count indictment charging her and others with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. CR Doc.[1] 42. Movant initially entered a plea of not guilty, CR Doc. 50, but later changed it to a plea of guilty. CR Doc. 69. Movant and her counsel signed a factual resume setting forth the elements of the offense, the penalties Movant faced, and the stipulated facts establishing that Movant had committed the offense charged. CR Doc. 67. The probation officer prepared the presentence report ("PSR"), reflecting that Movant's base offense level was 20. CR Doc. 77, ¶ 26. She received a two-level

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-039-O.

increase because property of a financial institution was taken, *id.* ¶ 27, a four-level increase for use of a dangerous weapon, *id.* ¶ 28, a four-level increase because multiple persons were abducted, *id.* ¶ 29, and a two-level increase because the loss was more than $95,000 and less than $500,000. *Id.* ¶ 30. She received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 36, 37. Based on a total offense level of 29 and a criminal history category of I, Movant's advisory guideline range was 87 to 108 months. *Id.* ¶ 98. Movant filed objections, CR Doc. 85, and the probation officer prepared an addendum to the PSR. CR Doc. 91. Movant filed objections to the addendum. CR Doc. 94.

The Court overruled the objections, CR Doc. 128 at 6–7, and sentenced Movant to a term of imprisonment of 108 months. CR Doc. 110. Movant appealed her sentence, CR Doc. 106, and the judgment was affirmed. *United States v. Alexander*, 809 F. App'x 269 (5th Cir. 2020). Movant's counsel advised her of the appellate decision and informed her that he believed there were issues worthy of a petition for writ of certiorari, which he planned to file. Doc.[2] 1, Ex. A. By another letter, dated August 9, 2020, counsel answered questions Movant had posed and stated that he was "going to file" a petition for certiorari for her. *Id.*, Ex. B. Finally, by letter dated July 1, 2021, counsel informed Movant that, after careful consideration, he had not found any issues to present and had not filed a petition for writ of certiorari on her behalf. *Id.*, Ex. D.

On August 23, 2021, Movant filed in the United States Court of Appeals for the Fifth Circuit an emergency motion seeking to recall the mandate, to stay the mandate, and for leave to file out of time motion for rehearing *en banc*. *United States v. Alexander*, No. 19-10835 (5th Cir.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

Aug. 23, 2021). She provided the appellate court the same information and exhibits as included with the present motion. The Fifth Circuit denied her motion. *Id.* (Aug. 25, 2021).

## II.     GROUND OF THE MOTION

Movant asserts one ground in support of her motion under § 2255. She alleges that her Sixth Amendment right to effective assistance of counsel was violated by her attorney's failure to file the petition for writ of certiorari as he had indicated he would. Doc. 1 at 4.[3] She additionally asserts, in the brief accompanying her motion, that counsel should have sought rehearing *en banc* of the panel's decision to uphold application of the abduction enhancement. *Id.* at 19–35.

## III.    APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[3] The page references as to this document are to "Page __ of 45" as reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten numbers are not the actual page numbers and because several documents are included as one filing.

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply

4

making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

Movant alleges that she received ineffective assistance of counsel because her attorney failed to file a petition for writ of certiorari as he said he would and because he failed to seek rehearing *en banc*. The Supreme Court has never held that a defendant has a constitutional right to counsel when seeking discretionary review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000). And, the constitutional right to counsel does not extend to the filing of a motion for rehearing. *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). *See also Ahumada v. United States*, 994 F.3d 958, 960–61 (8th Cir. 2021)(collecting cases). A defendant cannot be deprived of the constitutional right to counsel where it does not exist in the first place. *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982); *United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985). Neither the failure to file a petition for certiorari nor the failure to seek rehearing gives rise to a constitutional claim. *Clark*, 227 F.3d at 283 & n.5.

As the parties recognize, this Court does not have the authority to set aside the mandate of the Fifth Circuit in any event. The Fifth Circuit itself has done so in cases such as this, where counsel has failed to file a petition for certiorari after promising to do so. *See Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979); *Savage v. United States*, 483 F.2d 67, 68 (5th Cir. 1973). The Court does not presume to know why that relief was denied in this case. It appears that the facts are undisputed. Counsel twice told movant in writing that he would file a petition for writ of certiorari on her behalf and failed to do so. There was no need for movant to request that a petition be filed; she had been promised that it would be filed. Moreover, it appears that counsel only

5

explained the purpose of the petition for writ of certiorari after Movant sent him a letter inquiring about it. He does not appear to have advised her "[p]romptly after the court of appeals' decision issue[d] . . . in writing of the right to seek further review by filing a petition for writ of certiorari." Judicial Council of the Fifth Circuit, Plan for Representation on Appeal Under the Criminal Justice Act, sec. 6.

## V.  CONCLUSION

For the reasons discussed herein, the motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. *See United States v. Castro*, 30 F.4th 240, 244 (5th Cir. 2022)(movant must make substantial showing of denial of a constitutional right to obtain certificate of appealability).

**SO ORDERED** on this 18th day of May, 2022.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**